**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN WADE SMITH,

Defendant - Appellant.

No. 23-1060

D.C. No. 6:22-cr-00316-AA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Justin Wade Smith appeals from the district court's judgment and challenges

the 11-month sentence imposed upon the second revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Smith claims that the district court procedurally erred by failing to explain

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

its reasons for choosing an 11-month sentence over a non-carceral sentence that would have permitted him to obtain mental health and drug treatment and make restitution payments to his victims. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court reviewed Smith's psychological assessment prior to the revocation hearing. Smith's treatment needs, as well as his restitution obligations, were discussed extensively during the hearing. The court explained that a sentence at the high end of the guidelines range was warranted because Smith's violations had impaired probation's ability to collect restitution and exacerbated his mental health issues. This explanation is sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, contrary to Smith's claim, the court's sentencing explanation does not reflect any impermissible reliance on 18 U.S.C. § 3553(a)(2)(A).

Smith also contends that the 11-month sentence is substantively unreasonable because his supervised release violations were "technical" and his treatment needs justified a different sentence. In light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

23-1060